# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

LARRY GEPSON,

        Plaintiff,

v.

TANYA SCEIRINE, *et al.*,

        Defendants.

3:18-cv-00209-MMD-CBC

**REPORT AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE**

This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. This action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4. Before the court is Plaintiff Larry Gepson's application to proceed *in forma pauperis* (ECF No. 1) and his *pro se* complaint (ECF No. 1-1). Having thoroughly reviewed the record, the court recommends that the application to proceed *in forma pauperis* be granted. Furthermore, the court recommends that the Complaint be dismissed without prejudice and without leave to amend for the reasons stated below.

## I.   *IN FORMA PAUPERIS* APPLICATION

Based on the financial information provided with Plaintiff's application to proceed *in forma pauperis*, the Court finds that plaintiff is unable to pay the filing fee in this matter. (ECF No. 1). Accordingly, the court grants Plaintiff's application to proceed *in forma pauperis*.

## II.   LEGAL STANDARD

Upon granting a request to proceed *in forma pauperis*, a court must additionally screen a complaint pursuant to 28 U.S.C. §1915. Specifically, federal courts are given the authority to dismiss a case if the action "(i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant

1     who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). Dismissal of a

2     complaint for failure to state a claim upon which relief may be granted is provided for in

3     Federal Rule of Civil Procedure 12(b)(6), and this Court applies the same standard

4     under Section 1915(e)(2) when reviewing the adequacy of a complaint or amended

5     complaint. *See Hamilton v. Brown*, 630 F.3d 889, 892-93 (9th Cir. 2011). When the

6     Court reviews a complaint under this standard, it accepts as true all the plaintiff's

7     allegations and construes the complaint in the light most favorable to the plaintiff. *Chubb*

8     *Custom Ins. Co. v. Space Systems/Loral Inc.*, 710 F.3d 946, 956 (9th Cir. 2013). The

9     Court takes particular care when reviewing the pleadings of a *pro se* party. In this

10    instance, a more forgiving standard applies to litigants not represented by counsel.

11    *Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010). This Court is to "construe *pro se*

12    filings liberally . . . and to 'afford the petitioner the benefit of any doubt.'" *Id.*

13        Although the standard is broad, it is not limitless. Despite the leniency afforded to

14    *pro se* plaintiffs, the Court need not accept as true conclusory allegations, unwarranted

15    deductions, or unreasonable inferences. *Cholla Ready Mix, Inc. v. Civish*, 382 F.3d 969,

16    973 (9th Cir. 2004). Further, the complaint must contain more than a "formulaic

17    recitation of the elements of a cause of action;" it must contain factual allegations

18    sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v.*

19    *Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). Stated

20    differently, the complaint must allege sufficient facts to state a claim "that is plausible on

21    its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009)

22    (citing *Twombly*, 550 U.S. at 555).

23   **III.    DISCUSSION**

24       **A.    Plaintiff's Complaint**

25       Plaintiff is an inmate in the custody of the Nevada Department of Corrections

26    ("NDOC"), and currently housed at Warm Springs Correctional Center ("WSCC") in

27    Carson City, Nevada. (ECF No. 1-1 at 1). In his Complaint, Plaintiff has named as

28    Defendants Clerk of the Third Judicial District Court Tanya Sceirine ("Sceirine"), and

2

Public Records Director John or Jane Doe ("Doe").[1] (ECF No. 1-1 at 2.) He alleges one claim for relief, pursuant to 42 U.S.C. §1983, for alleged violations of his Fourteenth Amendment rights to procedural due process, equal protection, and his Eighth Amendment rights to be free of cruel and unusual punishment. (*Id* at 4.)

The gravamen of Plaintiff's complaint is that he was severely beaten by other inmates because the court's public access records displayed an improper reason for Plaintiff's conviction. ECF No. 1-1 at 4.) Plaintiff alleges that the website lists that Plaintiff, "was arrested for aggravated stalking and felony class B child abuse/neglect. . ." (*Id.*) As a result Plaintiff alleges that he must defend his life daily resulting in a violation of his Fourteenth Amendment rights under the Equal Protection Clause and the Due Process Clause, and his Eighth Amendment right to be free of cruel and unusual punishment. (*Id.*)

For these alleged violations, Plaintiff seeks damages of $186,000, and lists a litany of demands ranging from transfer to a minimum security facility to help with child custodial matters related to his son. (*Id.* at 9.)

**B.   Analysis**

Count I is insufficient as a matter of law to the extent his claim is premised on the Equal Protection Clause. The Equal Protection Clause provides, in essence, that all persons similarly situated should be treated alike by the state. *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439, 105 S.Ct. 3249, 87 L.Ed.2d 313 (1985). A § 1983 claim under the Equal Protection Clause generally requires the plaintiff to establish that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class. *See Thornton v. City of St. Helens*, 425 F.3d 1158, 1166 (9th Cir. 2005) (quoting *Lee v. City of Los Angeles*, 250 F.3d 668, 686 (9th Cir. 2001)). Here, the Plaintiff not only fails to allege that Defendants acted with

---

[1] Plaintiff also lists as Defendants two other John and Jane Does, however, he lists the same information for them as he did for the first John or Jane Doe. The court will therefore treat them as one Defendant. (ECF No. 1-1 at 2.)

1    discriminatory intent, he does not indicate how he was treated differently than similarly

2    situated persons or how such differential treatment is based on his membership in a

3    protected class.  Consequently, Plaintiff does not state a claim for violation of the Equal

4    Protection Clause.

5          To the extent count one is premised on the Due Process and Eighth Amendment

6    Clauses, Plaintiff's Due Process Clause claim is also defective inasmuch as the Eighth

7    Amendment provides "an explicit textual source of constitutional protection" against the

8    government conduct alleged by the Plaintiff.  *Patel v. Penman*, 103 F.3d 868, 874 (9th

9    Cir. 1996).  Also, the standard applied by the court under either constitutional theory is

10   the same.  *Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998).  Therefore, Plaintiff does

11   not have a Due Process Clause claim independent of the Eighth Amendment claim he

12   raises in Count I.

13         Further, Plaintiff's Cruel and Unusual Punishment claim also fails to state a claim.

14   The Eighth Amendment prohibits the imposition of cruel and unusual punishment and

15   "embodies broad and idealistic concepts of dignity, civilized standards, humanity and

16   decency."  *Estelle v. Gamble*, 429 U.S. 97, 102, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976).

17   To prevail in an action alleging cruel and unusual punishment, a plaintiff's complaint

18   must satisfy an objective standard – that the deprivation was serious enough to amount

19   to cruel and unusual punishment; and a subjective standard – deliberate indifference.

20   *Farmer v. Brennan*, 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (994); *see also*

21   *Wilson v. Seiter*, 501 U.S. 294, 297-304, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991).  Here,

22   Plaintiff has not alleged either a deprivation by Defendants nor deliberate indifference by

23   Defendants.  Thus, Plaintiff has not stated a Cruel and Unusual Punishment claim under

24   the Eighth Amendment.

25         Finally, court clerks have absolute quasi-judicial immunity from damages for civil

26   rights violations when they perform tasks that are an integral part of the judicial process.

27   *See Morrison v. Jones*, 607 F.2d 1269, 1273 (9th Cir. 1979) (§ 1983 case), *cert. denied*,

28   445 U.S. 962, 100 S.Ct. 1648, 64 L.Ed.2d 237 (1980); *Shipp v. Todd*, 568 F.2d 133, 134

4

(9th Cir. 1978) (same); *Stewart v. Minnick*, 409 F.2d 826 (9th Cir. 1969) (same). *Cf.*

*Sharma v. Stevas*, 790 F.2d 1486 (9th Cir. 1986) (Clerk of the United States Supreme

Court had absolute quasi-judicial immunity under Federal Tort Claims Act because his

acts were an integral part of the judicial process). Plaintiff alleges that the clerk of the

Third Judicial District violated Plaintiff's constitutional right by uploading file information

to the public access records. (ECF No. 1-1 at 4.) Plaintiff alleges that the information

contained mistakes, but he does not allege that the court clerk did so knowingly or

maliciously. (*Id.*) The uploading of file information is by court clerks is a task that can be

characterized as an integral part of the judicial process. Therefore, the clerk of the Third

Judicial District court has absolute quasi-immunity from Plaintiff's claim. As a result,

Plaintiff's claims against Sceirine also fail to state a claim upon which relief may be

granted on this alternate basis.

## IV.    CONCLUSION

The Complaint fails to state a claim in its entirety. The court, therefore, concludes

that dismissal without prejudice and without leave to amend is warranted.

The parties are advised:

1.    Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of

Practice, the parties may file specific written objections to this Report and

Recommendation within fourteen days of receipt. These objections should be entitled

"Objections to Magistrate Judge's Report and Recommendation" and should be

accompanied by points and authorities for consideration by the District Court.

2.    This Report and Recommendation is not an appealable order and any

notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of

judgment.

## V.    RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that Plaintiff's application to proceed *in

forma pauperis* (ECF No. 1) be **GRANTED**. Plaintiff shall not be required to pay an initial

installment fee. The full filing fee shall still be due, pursuant to 28 U.S.C. §1915(b), as

amended by the Prisoner Litigation Reform Act of 1996 ("PLRA").  Plaintiff shall be permitted to maintain this action to conclusion without the necessity of prepayment of fees or costs or the giving of security therefor.  This order granting *in forma pauperis* status shall not extend to the issuance of subpoenas at government expense.

IT IS FURTHER RECOMMENDED that, even if this action is dismissed, or is otherwise unsuccessful, the full filing fee shall remain due, pursuant to 28 U.S.C. §1915.

IT IS FURTHER RECOMMENDED that, pursuant to 28 U.S.C. §1915(b), the Nevada Department of Corrections shall pay to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits to the account of Brian Kerry O'Keefe, **Inmate No. 90244** (in months that the account exceeds $10.00) until the full $350 filing fee has been paid for this action.  The Clerk shall send a copy of this order to the attention of the Chief of Inmate Services for the Nevada Department of Corrections, P.O. Box 7011, Carson City, NV 89702.

IT IS FURTHER RECOMMENDED that Plaintiff's Complaint (ECF No. 1-1) be **DISMISSED WITHOUT PREJUDICE, WITHOUT LEAVE TO AMEND**; and

IT IS FURTHER RECOMMENDED that the Clerk ENTER JUDGMENT and close this case.

**DATED**: December 17, 2018.

_____
**UNITED STATES MAGISTRATE JUDGE**